**FILED**

**12:14 pm Jan 10 2024**

**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID E. FEATHERS,** | ) | **CASE NO. 5:24 CV 43** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **MAGISTRATE JUDGE** | ) | **AND ORDER** |
| **CARMEN E. HENDERSON,** | ) | |
| | ) | |
| Respondent. | ) | |

Feathers filed the above-captioned Petition for a Writ of Mandamus under the All Writs Act, 28 U.S.C. § 1651, asking that this District Judge to intervene in a case pending before another District Judge in this Court and rule on the merits of his case. This Court lacks jurisdiction to grant such relief.

Feathers filed two Petitions for a Writ of Habeas Corpus in 2022. *See Feathers v. Hill*, No. 5:22 CV 540 (N.D. Ohio filed Apr. 5, 2022) and *Feathers v. Hill*, No. 5:22 CV 540 (N.D. Ohio filed Apr. 5, 2022). Both cases were assigned to United States District Judge Charles Esque Fleming. Judge Fleming issued an automatic referral of the Petitions to United States Magistrate Judge Carmen E. Henderson. The Court's docket reflects that Feathers filed twenty-four Motions, twenty of which were filed before Feathers filed his Traverse. One of the Motions was filed before the Return of Writ. After denying the last of Feathers's Motions, Magistrate Judge Henderson

cautioned him that continuing to file documents that are unnecessary for the determination of his Petition delays the Court's review of the matter and could result in the imposition of filing restrictions.  Dissatisfied with the rulings he received in his habeas case and believing his arguments have merit, Feathers has now filed this action asking this Judge to assert himself into the case pending before Judge Fleming, and under the guise of a Mandamus relief, order Feathers's immediate release from prison, order Magistrate Judge Henderson to retract her cautionary language regarding repetitive filings, and Order Judge Fleming to immediately grant Feathers's habeas petition.

The All Writs Act, 28 U.S.C. § 1651, provides that "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus."  It provides the Court with the power and authority to enter such orders as may be necessary to enforce and effectuate its lawful orders and judgments.  *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970); *Hill v. U.S. Dist. Court N. Dist. of Ohio*, No. 3:13CV2119, 2014 WL 198800, at *3 (N.D. Ohio Jan. 15, 2014).  It serves as a tool for the Court to adjudicate issues over which it otherwise enjoys subject matter jurisdiction. The All Writs Act does not create an independent source of jurisdiction.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).  This Court does not have jurisdiction to enter Orders or grant judgment in a case pending before another United States District Court Judge.  Feathers must seek relief from the Judicial officers assigned to his case.

For all the foregoing reasons, the Petition for a Writ of Mandamus is denied and this action is dismissed.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.  Feathers's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.

-2-

**IT IS SO ORDERED**.

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**